## Smith *versus* Philadelphia.

1. Water-mains were laid by the authorities of Philadelphia in the street in front of houses of Smith; he connected with the main water-pipes to the houses; he paid the city for laying the water-mains; also the water rents for two years. The water froze in the main, and in consequence the connections bursted; Smith's tenants refused to pay rent, and his houses were without tenants, &c. Alleging that 'the freezing occurred by the negligence of the city in laying the main too near the surface, he brought an action against the city to recover damages. *Held*, that he could recover back the water-rents but not for the other matters.

2. Introducing water by the city into private houses is not a contract, but a license which is paid for.

February — 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia*: Of January Term 1874, No. 261.

This was an action on the case, brought March 26th 1876, by Jacob K. Smith against the city of Philadelphia.

The declaration was, that the plaintiff was the owner of certain houses in Silver street, Philadelphia; that he paid the defendant for laying the water-main in that street in front of the houses, and also for permits to introduce the water; that the defendant had negligently laid the main too near the surface of the ground, so that it was frozen during two winters, and there was no water communicated to the houses; the attachments and water-pipes bursted, whereby the plaintiff lost his tenants and the rents of the houses and the benefit of his payment for the main, permits, &c., and expended large sums of money in repairs, &c.

The case was tried November 21st 1873, before Thayer, J.

The plaintiff gave evidence that the water-pipes leading from the main had bursted by reason of the water being frozen; that he lost his rents in consequence; and generally in support of the allegations of his declaration.

The defendant gave no evidence. The court charged that the plaintiff could not recover for the loss of rents, but only the water-rents paid for the time during which the supply was deficient.

The jury found for the plaintiff for $128. He took a writ of error, and assigned the instruction of the court for error.

*J. W. Hunsicker*, for plaintiff in error.—A municipal corporation is liable for negligence to the same extent as an individual: Shearman & Redfield on Negligence, sects. 120, 137, pp. 139, 163. Such corporation is liable for injury resulting from the improper performance of work which it was its duty to perform: Mersey Docks *v.* Peirce, 11 H. of L. Cases 686; West. Sav. Fund *v.* Philadelphia, 7 Casey 185; Baily *v.* New York, 3 Hill 538; Addison on Torts 731; Lacour *v.* New York, 3 Duer's R. 406;

[Smith *v.* Philadelphia.]

Pittsburg *v.* Grier, 10 Harris 54; Pottstown Gas Co. *v.* Murphy, 3 Wright 263.

*R. N. Willson* (with whom was *C. H. T. Collis*, City Solicitor). for defendant in error.—It is discretionary with the city whether she will extend facilities for furnishing water, and therefore she is liable only for injuries resulting directly from negligence, but not where the circumstances producing the injury are the same as if the work had not been undertaken: Wharton on Negligence, sect. 264; Carr *v.* Northern Liberties, 11 Casey 324; Grant *v.* Erie, 19 P. F. Smith 420; Atchinson *v.* Challis, 9 Kansas 603; Mills *v.* Brooklyn, 32 New York 489. The act of the city was not the proximate cause: Penna. Railroad *v.* Kerr, 12 P. F. Smith 353.

Judgment was entered in the Supreme Court February 7th 1876,

PER CURIAM.—The claim here is not for damages arising from the bursting of the water-pipes laid by the city, but for the loss of the water caused by the bursting of the pipes leading to the plaintiff's houses, from the action of frost. The real claim is for the loss of the water, and this will not implicate the city in any loss beyond the consideration paid for its use, viz., the water-rents, and these were allowed. The introduction of water by the city into private houses is not on the footing of a contract, but of a license which is paid for.

Judgment affirmed.